Matter of Smith v Munoz
2026 NY Slip Op 03170
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Brenna Marie Smith, respondent,
v
David Munoz, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2024-03313, (Docket No. F-2874-18/22C)
Colleen D. Duffy, J.P.
Deborah A. Dowling
Janice A. Taylor
Laurence L. Love, JJ.

Law Office of Tzvi Y. Hagler, P.C., Valley Stream, NY, for appellant.
Elliot Green, Brooklyn, NY, for respondent.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Linda Capitti, J.), dated March 19, 2024. The order denied the father's objections to an order of the same court (Gabriella F. Richman, S.M.) dated January 18, 2024, which denied the father's motion to vacate three prior orders of the same court (Jennifer L. Castaldi, S.M.), all dated August 3, 2023, which, upon his default in appearing, inter alia, found that he willfully violated the child support provisions of the parties' divorce decree, directed the entry of a money judgment for child support arrears, and recommended the incarceration of the father unless he paid a purge amount of $398,200.
ORDERED that the order dated March 19, 2024, is affirmed, without costs or disbursements.
The parties are the parents of two children. The parties were divorced by a decree issued by a court in the Bahamas. The divorce decree, inter alia, directed the father to pay child support.
In March 2022, the mother commenced this proceeding, alleging that the father had willfully violated the child support provisions of the divorce decree. The Support Magistrate conducted a hearing as to the mother's petition, at which the father appeared for the first three virtual hearing dates. Thereafter, the father was granted short adjournments of two additional scheduled hearing dates on the ground of illness. On the third adjourned date, the father failed to timely appear. The father's attorney informed the Support Magistrate that the father was attending a virtual corporate "annual meeting" and was expected to join the hearing shortly. When the father thereafter appeared, although the Support Magistrate placed the father under oath, it had already deemed the father to be in default and had set a purge amount.
Upon the father's default, in an order of fact-finding, order of disposition, and order directing the entry of a money judgment (hereinafter collectively the default orders), all dated August 3, 2023, the Support Magistrate, inter alia, granted the mother's petition and determined that the father had willfully violated the child support provisions of the divorce decree. The Support Magistrate also recommended that the father be committed to jail for no more than six months unless he paid a purge amount of the full amount of the child support arrears, $398,200.
Thereafter, the father moved to vacate the default orders. The mother opposed the motion. By order dated January 18, 2024, the Support Magistrate denied the father's motion. The [*2]father then filed objections to the Support Magistate's order. By order dated March 19, 2024, the Family Court denied the father's objections. The father appeals. We affirm, albeit on grounds different than those determined by the Family Court.
A party seeking to vacate a default must establish a reasonable excuse for the default, as well as a potentially meritorious claim or defense (see CPLR 5015[a][1]; Matter of Cheung v Kinsey, 234 AD3d 958, 960). Here, although the father showed no intent to default where he was tardy to the hearing and had appeared for prior hearing dates and there was no showing of prejudice to the mother (see Matter of A & F Scaccia Realty Corp. v New York City Dept. of Envtl. Protection, 200 AD3d 875, 878; Gately v Drummond, 161 AD3d 947, 949), the father failed to establish a potentially meritorious defense (see Matter of Espinal-Melendez v Vasquez, 160 AD3d 852, 854; Matter of Heinz v Faljean, 57 AD3d 665, 666).
Accordingly, the Family Court properly denied the father's objections to the order dated January 18, 2024.
The father's remaining contentions are without merit.
DUFFY, J.P., DOWLING, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court